# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No. 2:24-CR-00485-AMM-NAD** |
| ) | |
| **WISAM A. SHARIEFF, and** ) | |
| **BLAKE MILLER BARAKAT,** ) | |
| *a/k/a "Hamna"* ) | |

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 16(d)(1) of the *Federal Rules of Criminal Procedure*, the Government respectfully moves for a protective order concerning certain sensitive discovery material in this case. In support of this motion, the Government states as follows:

1. The indictment in this case charges the defendants with counts of conspiracy to engage in the sexual exploitation of a minor and conspiracy to receive and distribute child pornography.

2. The undersigned AUSA has prepared discovery for the defense in accordance with the Court's standing discovery order.

3. Discovery in this case includes evidence in the form of documents and records which contain personally identifying information ("PII") of the defendants, the minor victim and/or witnesses (hereinafter "Protected Discovery

Material"). The PII includes, but is not limited to, names, residential addresses, phone numbers, and dates of birth.

4. This Protected Discovery Material may contain personal, sensitive, or proprietary information of the minor victim, minor witnesses, or other third party, as well as data that may prove to be irrelevant to this case.

5. The United States intend to produce discovery material in this case that will contain Protected Discovery Material, but the form of some of the documents (video and audio recordings) containing the Protected Discovery Material make it impractical to manually redact.

6. To ensure compliance with the Government's discovery obligations and expedite the exchange of discovery material between the parties, the Government seeks to disclose the Protected Discovery Material to the defendant pursuant to the Protective Order.

7. Rule 16(d)(1) of the *Federal Rules of Criminal Procedure* authorizes this Court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief" upon a showing of good cause.

8. Additionally, Title 18 U.S.C. § 3509(d) provides that all documents that disclose the name or any other information concerning a child shall be kept in a secure place and that disclosure of said documents should only be to persons

who, by reason of their participation in the proceeding, have reason to know such information.

9. Here, there is good cause for this Court to restrict the defendants' use, dissemination and disposition of the Protected Discovery Material according to the terms set forth in the proposed Protective Order because it will allow the Government to provide extensive discovery to the defendants, while protecting the personal information of the minor victim and witnesses in this case.

10. To properly balance the defendants' rights with the privacy interests of those whose Protected Discovery Material is contained in these records, the Government requests that the Court enter a protective order pursuant to Fed. R. Crim. P. 16(d)(1) that:

    a. permits the Government to disclose to defense counsel the discovery containing Protected Discovery Material without redactions; and
    b. requires both defense counsel:
        i. to use the Protected Discovery Material only as necessary to prepare and present their clients' defense;
        ii. to acknowledge that their clients understand the sensitive nature of this discovery, that this discovery should not and will not be

3

        shared with anyone beyond defense counsel and professional members of the defense team (including paralegals, legal assistants, and expert witnesses), and that all such material in the possession of the defense team will be returned or destroyed following the completion of the case;

   iii.   not to leave the Protected Discovery Material in the control or custody of the defendants or any person who is not a professional member of the defense team;

   iv.   to limit the defendants' access to electronically stored discovery so that the defendants cannot print, download, or otherwise retain Protected Discovery Material; and

   v.   to collect and return to the Government all paper and electronic copies of the Protected Discovery Material at the conclusion of the litigation in this case, or, alternatively, to destroy those items and confirm their destruction to the Government.

11. Such a protective order would provide both defense counsel with needed access to discovery while appropriately protecting sensitive information.

12. Undersigned AUSA has conferred with both defense counsel, Robin Robertson and Michael Whisonant, Sr., who do not oppose this motion and proposed order.

WHEREFORE, the Government respectfully requests that the Court enter a protective order in the above-styled case.

Respectfully submitted on this the 5th day of December, 2024.

                                        PRIM F. ESCALONA
                                        United States Attorney

                                        /s/ *R. Leann White*
                                        R. Leann White
                                        Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed using the Court's CM/ECF system and that a copy of same has been served upon the attorneys for the defendants via the same system.

/s/ R. Leann White
R. LEANN WHITE
Assistant United States Attorney