UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 2:24-CR-485-AMM-NAD-1 |
| | ) | |
| **WISAM SHARIEFF** | ) | |

<u>GOVERNMENT'S RESPONSE
TO DEFENDANT'S SENTENCING MEMORANDUM</u>

Despite using his position of trust as a religious leader to sexually abuse a seven-year-old child and produce videos of the abuse for his own sexual gratification, Sharieff requests leniency from this Court and suggests that a sentence of 168 - 210 months is sufficient. It is not. Here, a sentence of 960 months (80 years) imprisonment is proportional to the heinous and egregious nature of the offenses, satisfies the factors of 18 U.S.C. § 3553(a), and is reasonable from the recommendations of the Sentencing Guidelines in the Presentence Investigation Report (PSR). Sharieff's crimes are too revolting, and his future risk to children is too great, to warrant a sentence less than 80 years.

**I.  A sentence of 80 years' incarceration is justified by the nature and circumstances of the offenses and Sharieff's characteristics.**

In this case, the PSR and the stipulations filed with this Court (Doc. 53) provide specific details of Sharieff's criminal acts. But they do not capture the full extent

1

of these offenses. Throughout the approximately 600 pages of chat correspondence between Sharieff and the co-defendant, there were many repulsive audio and video recordings. But the investigation captured communications from only one week in October 2024. Sharieff, enabling and encouraging his co-defendant, abused this child for much longer. In the chats, Sharief noted that it had been about six months or closer to a year. The abuse was heinous and repeated.

Sharieff asks this Court to "consider the totality of who [he is]." The government agrees. The Court should consider that Sharieff used a position of trust and influence to repeatedly abuse a vulnerable victim. It should consider the deceit and manipulation that went into these crimes. It should consider that while publicly holding himself out as a religious leader, he was secretly subjecting an innocent child to horrific abuse.

## II. Sharieff's sentence should reflect the seriousness of the crime, respect for the law, and just punishment for his criminal acts.

Unquestionably, "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses…" *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Circuit 2009) (discussing how courts have upheld lengthy sentences in cases involving child sex crimes as substantively reasonable). In 2024, the National Center for Missing and Exploited Children received nearly 20.5 million

2

reports related to 29.2 million incidents of suspected child sexual exploitation.[1] There is no excuse for a religious leader who has gained the trust of so many to use his religious faith to repeatedly subject a child to sexual abuse and sexual exploitation for his own perverse sexual pleasure.

"Sexually exploited children struggle to develop healthy affectionate relationships, they suffer from sexual dysfunctions, …". *See New York v. Ferber*, 458 U.S. 747, 758 n. 9 (1982) (citation omitted). The effect of Sharieff's crimes is immeasurable. Childhood sexual abuse has severe detrimental psychological and physical impacts.[2] Children are forced to live with the memories of the harm perpetrated on them for their entire lives. Here, an innocent little girl will now suffer with a lifetime of traumatic memories because of Sharieff's crimes. Justice requires that the sentence imposed imprison Sharieff for effectively the rest of his life. Sharieff's crimes will have a lifetime effect. So should his sentence.

### III. A significant sentence of incarceration provides adequate deterrence and protects the community from Sharieff.

The sentence must also deter future similar crimes by him and other like-minded individuals with an interest in sexually exploiting our innocent children. It must

---

[1] *See*, https://www.missingkids.org/ourwork/impact
[2] *See* Ali, S., Pasha, S., Cox, A. et al. Examining the short and long-term impacts of child sexual abuse: a review study. SN Soc Sci 4, 56 (2024). https://doi.org/10.1007/s43545-024-00852-6

3

protect children from being the next victims of abuse.

Sharieff asserts that he is "not your typical offender." Agreed. He is much worse. Sharieff is more dangerous. As stated by those who claimed to know him best: Sharieff "has charisma"; "always been someone who people are drawn to"; looked up to "as a beacon and a guiding light with his knowledge and wisdom"; "children looked up to him"; "widely viewed as a role model for young children"; "has a remarkable presence"; and "welcoming personality". The fact that Sharieff was able to portray himself in this way to those close to him while committing his crimes shows his skills as a manipulator. In his position of authority, he has reached thousands of parents and their children through his past teachings, travels, online blogs, and podcasts. In his career as a religious instructor, Sharieff professes to have taught over 25,000 students around the world. On YouTube by Quran Weekly, Sharieff had a playlist of nine videos with over 9,000 views. With the combination of his alluring personality, his access to so many people, and his criminal sexual desires, Sharieff is a danger to reoffend.

Despite claiming that he will "never again work in his chosen profession", Sharieff is continuing his religious teachings and outreach through his current blogs on "Prison Professors" and a podcast called "Dawah From the Inside". Even more concerning, Sharieff has continued to reach out to and teach children. While in jail

4

on the current federal indictment, Sharieff wrote a book designed for three-to-eight-year-old children and had it published. The book is titled "Time Out." In the book, Sharieff explains that sometimes when adults break the rules that they go to jail and that jail is a place where adults learn from their mistakes. Sharieff also explained different ways that a child can stay connected to the inmate. At the end of the book, Sharieff wrote a letter to parents telling them that the reason he wrote the book is because he understands how difficult it is to explain to a young child why a loved one is in jail. Sharieff also informed the reader that there will be a second book. And based on the character letter written by Sharieff's wife, it will not be the only book. Sharieff is also currently writing a book about addiction.

      Sharieff appears to be using his crimes to reach even more followers, including children, and to make a profit. Sharieff claims to be "deeply sorry" to the victim of his crimes, yet he looks for ways to profit from it. Sharieff claims he "does not attempt to minimize the seriousness of his conduct", yet immediately upon incarceration begins writing a children's book for profit and uses his incarceration to continue his outreach. And in "Dawah From the Inside", Sharieff painted himself as the victim by blaming his arrest on his alleged addiction issues. He told others to seek help and "let [him] be that sacrificial lamb" for them. *See* Gov. Ex. 1.

5

## IV. The recommended sentence of 80 years' incarceration avoids unwarranted disparity.

The sentence the United States advocates is not disparate with other sentences for defendants convicted of similar crimes. In fact, it is analogous to his co-defendant's sentence. Blake Miller Barakat was sentenced by this Court on October 29, 2025, to 70 years incarceration.

## V. Despite Sharieff's objections, the PSR correctly calculates the sentencing guidelines in this case.

The PSR contains a thorough review of the factual circumstances underlying this prosecution and correctly calculates Sharieff's advisory guideline range to be 80 years. Sharieff's objections to particular facts in the offense conduct section of the PSR are futile considering the overwhelming digital evidence in this case and especially considering the stipulations made by the parties on the factual basis. *See* Doc. 53. By Sharieff's own words in the chat correspondence regarding the child, it is obvious that he used his religious guidance in the perpetration of his crimes. *See* Gov. Ex. 2 (SEALED) for context. Furthermore, Sharieff stipulated to those facts, agreed that they are substantially correct, and agreed that the Court could use those facts in calculating his sentence.

Sharieff's objections to the advisory offense level computations in the PSR are just as futile. Again, the stipulations and the evidence provided in discovery,

6

fully justify the computation. The government agrees with the validations provided for each enhancement as stated in the PSR Addendum. The enhancements applied in the computation of Sharieff's sentencing guideline calculation are accurate and calculates Sharieff's advisory guideline range to be 960 months (80 years).

**VI.   This Court should sentence Wisam Sharieff to 80 years imprisonment.**

As the Eleventh Circuit explained in *United States v. Irey*: "the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." 612 F.3d 1160, 1206 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1813 (2011). Although this Court must consider factors beyond Sharieff's offense conduct, this Court should nonetheless give significant weight to his offense conduct in crafting his sentence. *See, e.g., United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016) ("The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court."). Sharieff has inflicted a lifetime of emotional and psychological turmoil on a child through a horrific abuse of trust.

A sentence of 80 years incarceration is the only reasonable sentence. Sharieff's intentional actions led him before this court, the calculated guidelines took into consideration his actions, including acceptance, and determined that a guideline sentence of 80 years is warranted. The character letters submitted in support of Sharieff stress that he has a strong support system to live in society without causing

7

further harm. But Sharieff had that same support system in place when he committed his crimes, and it did not stop him. A significant sentence of incarceration can. Sharieff's criminal actions are not only atrocious but are also an unspeakable betrayal of trust and an abhorrent abuse of power, violating the core values of humanity and basic human decency.

A sentence of 80 years imprisonment reflects the seriousness of Sharieff's conduct, promotes respect for the law, affords adequate deterrence, provides just punishment, and protects the public, especially our most innocent and vulnerable, from further harm from him. Nothing in the offense conduct or Sharieff's history and characteristics warrant anything less. In fact, it justifies it.

Respectfully submitted, this the 25th day of January, 2026.

>PRIM F. ESCALONA
>UNITED STATES ATTORNEY
>
>By: */s/ R. Leann White*
>R. LEANN WHITE
>Assistant United States Attorney
>United States Attorney's Office

## CERTIFICATE OF SERVICE

      I certify that I filed this document electronically with the United States District Court for the Northern District of Alabama using the CM/ECF system, and thereby caused a copy to be served on the defendant.

                                      */s/ R. Leann White*
                                      R. LEANN WHITE